# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DIRECTV, INC.** :
        **Plaintiff** :
        **VS.** :     **3:CV-03-0843**
         :     **(CHIEF JUDGE VANASKIE)**
**JACKIE CHORBA, et al.** :
        **Defendants** :

## MEMORANDUM

At issue in this satellite television piracy case is whether plaintiff DIRECTV, Inc. ("DTV") may procure the Clerk's entry of default judgment against non-appearing defendants pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure simply by specifying an amount of statutory damages that DTV will accept as adequate. Stated otherwise, the question presented here is whether DTV must instead move for default judgment pursuant to Fed. R. Civ. P. 55(b)(2) inasmuch as the statutes in question accord to the court discretion as to the award of statutory damages.

Chief Magistrate Judge Thomas M. Blewitt, to whom this matter had been referred, proposed in a Report and Recommendation (Dkt. Entry 356) that entry of judgment by the Clerk of Court was unavailable under the circumstances presented here. He further recommended that judgment be entered in favor of DTV in the amount of $1,000 per defaulting defendant, that amount purportedly being the minimum statutory damages that could be awarded on any of the claims asserted in this action.

DTV objected to the Report and Recommendation, asserting that it had the right to have the Clerk of Court enter judgment in its favor in the amount of $10,000 for each defaulting defendant, this amount being the minimum statutory damages awarded for a violation of 47 U.S.C. §605(e)(4), one of its statutory claims.  Contending that the defendants' failure to answer the allegations of the Complaint established liability for a violation of §605(e)(4), DTV asserts that it has the right to have the Clerk of Court enter judgment in the amount of the minimum statutory damages authorized by law for that alleged violation.

Having carefully considered the matter, I have concluded that DTV's statutory damage claim is not for a sum certain because, at a minimum, the legislation in question commits to the Court discretion with respect to the amount of statutory damages to be awarded.  Accordingly, default judgment may not be entered by the Clerk.  I have also concluded that it is inappropriate to determine the amount of damages to be awarded by way of default judgment on the present record.  Instead, DTV's motions for default judgment, presented under Fed. R. Civ. P.  55(b)(1), will be denied, without prejudice to its right to move for default judgment under Rule 55(b)(2).

## I. **BACKGROUND**

On May 23, 2003, DTV filed 19 separate actions in this Court, naming as defendants 71 individuals who had purportedly acquired and utilized devices that enabled the unlawful interception of DTV's encrypted satellite television programming.  The separate actions were consolidated under the above docket number.  Defendants in this consolidated case include

Savuth You (named as a defendant in the matter docketed to No. 3:03-CV-845); Neal Haslam (named as a defendant in the matter docketed to No. 3:03-CV-855); David Kocher (named as a defendant in the matter docketed to No. 3:03-CV-857); Gerald Kuchwara (named as a defendant in the matter docketed to No. 3:03-CV-858); and Martin O'Malley, Philip L. Rouse, and Mark Williams (named as defendants in the matter docketed to the above number, 3:03-CV-843).  As to each defendant, DTV alleged the acquisition of specific pirate access devices.  For example, defendant You is alleged to have acquired a "Next Gen & UL Pro X Combo." (Complaint filed under Docket No. 3:03-CV-845 at ¶ 22.)  DTV avers that this combination package would enable the illegal programming of a valid DTV access card, and that the "unlooper" repairs DTV access cards that had been rendered unusable by prior illegitimate use.[1]  Defendant Kocher purchased a combination package invoiced as a "Viper Reader/Writer and Wild Thing 2 Clone Unlooper," which also allegedly enabled the illegal re-programming of

---

[1]As explained by one court:

When DTV transmits its encrypted signals, the signals are subject to electronic hijacking by unauthorized access cards that can descramble the signals.  DTV disables these unauthorized access cards by electronically sending what are called Electronic Counter Measures ("ECMs".)  ECMs target unauthorized access cards and disables, or "loops" them. (*Id.*) In response to these DTV security measures, satellite pirates have developed "unloopers," which restore functionality to the disabled access card.

DIRECTTV, Inc. v. Goehre, No. 03-CV-1106, 2005 WL 2275940, at *1 (E.D. Wis. Sept. 19, 2005).

DTV access cards and repair of disabled DTV access cards that had been disabled by illegitimate use. (Complaint Docketed to No. 3:03-CV-857 at ¶ 15.) Similar allegations of specifically identified pirate access devices were made as to defendants O'Malley, Rouse, Williams, Kuchwara, and Haslam.

Each defendant was duly served with the pertinent complaint and summons. Each defendant failed to respond to the complaint or otherwise appear in this action. In accordance with Rule 55(a) of the Federal Rules of Civil Procedure, DTV caused the Clerk of Court to enter each defendant's default.[2]

DTV asserted a common law cause of action for civil conversion against each defendant.[3] It also asserted against each defendant the following federal statutory claims:

(1) Unlawful interception of DTV satellite programming, in violation of 47 U.S.C. § 605(a), with monetary relief provided under 47 U.S.C. § 605(e)(3)(C).

(2) Unlawful interception of electronic communications from DTV in violation of 18 U.S.C. § 2511, for which monetary damages may be awarded under 18 U.S.C. § 2520(c).

---

[2] Rule 55(a) provides:

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

[3] I have determined in another DTV case that satellite broadcast signals are not tangible property subject to conversion under Pennsylvania common law. DIRECTV, Inc. v. Norton, No. 3:03-CV-2243, Order (Dkt. Entry 15) at 7 (M.D. Pa. March 30, 2005).

(3) Unlawful possession of a device with knowledge that the device is used for the purpose of the surreptitious interception of electronic communications, in violation of 18 U.S.C. § 2512, with recovery of damages sought under 18 U.S.C. § 2520.[4]

(4) Unlawful assembly or modification of a device with knowledge that the device is used primarily in the unauthorized decryption of satellite programming or direct-to-home satellite services, in violation of 47 U.S.C. § 605(e)(4), for which damages may be awarded under 47 U.S.C. § 605(e)(3)(C).

With respect to the viable statutory claims presented in this matter, Congress has specified that the court <u>may</u> award damages. <u>See</u> 18 U.S.C. § 2520(c)(2); 47 U.S.C. § 605(e)(3)(B)(ii). Congress has also provided that an aggrieved party may elect to recover either actual damages or specifically prescribed statutory damages. The statutory award for a violation of 18 U.S.C. § 2511 "is the greater of $100 a day for each day of violation or $10,000." 18 U.S.C. § 2520(c)(2)(B). For a violation of 47 U.S.C. § 605(a), the statutory damages for each violation are "not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). If, however, a violation of § 605(a) is willful "and for purposes of direct or indirect commercial advantage or private financial gain," the court may award up to $100,000. 47 U.S.C. § 605(e)(3)(C)(ii). For a violation of § 605(e)(4), the statutory damages

---

[4] I have concluded in other DTV litigation that 18 U.S.C. § 2520 does not create a private cause of action for a violation of § 2512. <u>See</u> <u>DIRECTV, Inc. v. Fornataro</u>, No. 3:03-CV-2143, Oral Order (M.D. Pa. April 19, 2004); <u>Norton</u>, supra, Order at 6.

are prescribed to be "not less than $10,000, or more than $100,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II).  The statute also provides that "[i]n any case where the court finds that the violator was not aware and had no reason to believe that his acts constituted a violation of [§ 605], the court in its discretion may reduce the award of damages to a sum of not less than $250." 47 U.S.C. § 605(e)(3)(C)(iii).

Following the Clerk's entry of default for each defendant, DTV requested the Clerk of Court to enter judgment by default in accordance with Rule 55(b)(1) of the Federal Rules of Civil Procedure.[5]   DTV's Requests for Default Judgment did not specify the counts on which judgment was to be entered against a defendant.  Instead, accompanying each request for default judgment was an affidavit of DTV's attorney, asserting that "the amount due to Plaintiff DIRECTV, Inc. from Defendant . . . is $10,000, pursuant to 47 U.S.C. § 605(e)(4) and 18 U.S.C. § 2520(c)(2)(B), plus costs." (Affidavit for Default Judgment accompanying the request

---

[5] Rule 55(b)(1) provides:

Judgment by default maybe entered as follows:

> (1) **By the Clerk**.  When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the Clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment in that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person

for Default Judgment against Defendant Rouse, Dkt. Entry 255.)[6]

The Clerk of Court entered judgment against each defendant as requested by DTV. Each judgment was essentially identical and provided:

> Defendant . . ., having failed to plead or otherwise defend in this action, and default having been entered,
>
> NOW, upon application of the Plaintiff and upon affidavit that Defendant . . . is indebted to the Plaintiff in the sum of $10,000, that Defendant is not an infant or incompetent person and not in the military of the United States, it is hereby
>
> ORDERED, ADJUDGED, and DECREED, that Plaintiff DIRECTV, Inc. recover from Defendant the sum of $10,000, plus costs of this suit.[7]

Concerned that entry of judgment by the Clerk of Court pursuant to Rule 55(b)(1) may have been inappropriate, I issued an Order on December 22, 2003, directing DTV to show cause why the default judgments entered by the Clerk of Court should not be vacated.[8] The Order, filed three (3) days after the judgments were entered, stayed execution on any default

---

[6] As to Defendants O'Malley and Williams, DTV's Requests for Default Judgment also included the costs of personal service.

[7] The Default Judgments in question are docket entries 260, 261, 262, 264, 265, 267 and 268. Judgment against defendant O'Malley was entered in the amount of $10,335 by including the cost of $335 incurred in effecting personal service. (Dkt. Entry 264.) Judgment against Defendant Williams was entered in the amount of $10,585.87, including the costs of effecting personal service on him. (Dkt. Entry 265.)

[8] In the Order, I observed that, in another DTV action, I had treated a request for default judgment by the Clerk as a motion for default judgment pursuant to Rule 55(b)(2), and scheduled a hearing on the matter. See DIRECTV, Inc. v. Maturo, No. 3:CV-03-0073, Dkt. Entry 19 (M.D. Pa. May 20, 2003).

judgment pending resolution of the Show Cause Order.  Moreover, the matter was referred to United States Magistrate Judge Blewitt for preparation of an appropriate Report and Recommendation.

On February 19, 2004, Magistrate Judge Blewitt issued his Report and Recommendation.  Citing <u>DIRECTV, Inc. v. Kaas</u>, 294 F. Supp. 2d 1044 (N.D. Iowa 2003), Magistrate Judge Blewitt concluded that DTV's decision to elect $10,000 in statutory damages under legislative provisions that vested in the court discretion to determine the amount of statutory damages did not transform DTV's claim into one for a sum certain.  Magistrate Judge Blewitt thus recommended that the default judgments be vacated.  Magistrate Judge Blewitt also recommended, however, that the Court proceed to award statutory damages of $1,000, ostensibly the minimum amount that may be awarded for unlawful interception of radio communications in violation of 47 U.S.C. § 605(a).

DTV filed objections to the Report and Recommendation, asserting that a minimum award of $10,000 for a violation of 47 U.S.C. §605(e)(4) was mandatory, and DTV could therefore request the Clerk of Court to enter judgment in that amount.  DTV also complained that Magistrate Judge Blewitt erred in recommending an award of statutory damages of $1,000 for a violation of 47 U.S.C. § 605(a) because DTV had not made an election for an award of such damages for the alleged violation of § 605(a).  DTV claimed that it had the prerogative of determining the statutory damages it elects to recover, and the court has no authority to alter its

election. DTV has filed a brief, supplemental brief, and second supplemental brief in support of its objections to the Report and Recommendation.

## II. DISCUSSION

DTV has sued scores of individuals in this District Court, and, undoubtedly, thousands of persons nationwide. Many individual defendants have failed to respond to the complaint. There is a plethora of case law addressing the question of the amount of damages to be awarded DTV in a default judgment setting. Significantly, DTV has not cited one case that has sustained a clerk's entry of judgment in an amount of statutory damages elected by DTV.

There is, however, authority holding that entry of judgment under Rule 55(b)(1) is inappropriate under circumstances similar to those presented here. See e.g., DIRECTV, Inc. v. Sheffield, No. Civ. 03-5738, 2005 WL 563108, at *2 n.3 (D. Minn. March 8, 2005); Kaas, 294 F. Supp. 2d at 1047-48. Those courts have held that the discretionary nature of an award of statutory damages undermines DTV's assertion that its claim is for a sum certain. In this regard, although 47 U.S.C. § 605(e)(3)(C) and 18 U.S.C. § 2520(c) may allow the aggrieved party to elect whether to seek actual or statutory damages, neither legislative provision allows the aggrieved party to specify the amount of damages that may be awarded. In addition, § 605(e)(3)(C)(iii) allows a defendant an opportunity to limit damages to $250 by showing that he or she was not aware and had no reason to know that the conduct in question violated 47 U.S.C. § 605. Even a defaulting party has the opportunity to minimize the damages awarded.

See, e.g., DIRECTV, Inc. v. Griffin, 290 F. Supp. 2d 1340, 1344 (M.D. Fla. 2003).

Moreover, case law recognizes that a defendant's default does not perforce entitle DTV to judgment in the minimum amount specified by the applicable statute. "'There must be a sufficient basis in the pleadings for the judgment entered . . . .'" DIRECTV, Inc. v. Huynh, 318 F.Supp. 2d 1122, 1127 (M.D. Ala. 2004). In this regard, although the well-pleaded allegations of the complaint are generally accepted as true, averments relating to the amount of damages are not accepted as established. See DIRECTV, Inc. v. Albright, No. Civ. A. 03-4603, 2003 WL 22956416, at *1 (E.D. Pa. Dec. 9, 2003). Furthermore, "'plaintiff's conclusions of law are not deemed admitted or established, and the court may grant only the relief for which a sufficient basis is asserted in the complaint.'" Patray v. Northwest Pub., Inc., 931 F.Supp. 865, 869 (S.D. Ga. 1996). Thus, "'[j]udgment by default may be granted only for such relief as may lawfully be granted upon the well-pleaded facts alleged in the complaint.'" Id.

DTV asserts that the default of each defendant establishes that defendant's liability for a violation of 47 U.S.C. § 605(e)(4). This assertion begs the question whether the facts alleged by DTV are sufficient to support recovery under section 605(e)(4). Such a determination is not a ministerial task to be made by a clerk of court. In this regard, some courts have concluded that the averments of a complaint are inadequate to support liability under § 605(e)(4). See, e.g., Joe Hand Promotions, Inc. v. New Third World, Inc., No. Civ. A. 97-3373, 1998 WL 306538, at *1 (E.D. Pa. June 9, 1998). Other courts have found that § 605(e)(4) "targets

upstream manufacturers and distributors, not the ultimate consumers of pirating devices," Albright, 2003 WL 22956416, at *2, and have thus declined to award any damages for an alleged violation of § 605(e)(4) in a default setting. Id.; DIRECTV, Inc. v. Oliver, No. 04-3454, 2005 WL 1126786, at *3-4 (N.D. Cal. May 12, 2005). Still other courts have held that whether to award any statutory damages authorized under 47 U.S.C. § 605(e)(3) is committed to the court's discretion, thereby foreclosing the position that the claim is for a sum certain. See, e.g., Sheffield, 2005 WL 563108, at *3 ("The award of statutory damages under § 605(e)(3) is committed to the Court's discretion."); DIRECTV, Inc. v. Montes, 338 F. Supp. 2d 352, 355 (D. Conn. 2004); DIRECTV, Inc. v. DeCroce, 332 F. Supp. 2d 715, 718 (D.N.J. 2004) ("[t]he Court in its discretion, also may grant injunctive relief, and award actual or statutory damages."); DIRECTV, Inc. v. Adkins, 320 F. Supp. 2d 474, 476 (W.D. Va. 2004) ("the grant of injunctive and monetary relief [under § 605(e)(3)] lies within the court's discretion . . . .") Huynh, 318 F.Supp. at 1130 ("the court has the discretion to award damages"); Griffin, 290 F. Supp. 2d at 1344. In this regard, § 605(e)(3)(A) provides that upon finding a violation of the statutory provisions the court "may grant temporary and final injunctions . . . ; may award damages as described in subparagraph (C); and . . . shall direct the recovery of full costs, including awarding reasonable attorneys' fees." 47 U.S.C. § 605(e)(3)(B) (emphasis added). This statutory structure certainly supports a rational conclusion that whether to award damages is, in the first instance, a discretionary decision to be made by the court.

DTV cites authority it claims supports the conclusion that, at the aggrieved party's election, the minimum statutory damages specified by Congress for an established violation of § 605(e)(4) are mandatory. (Brief in Support of Objections to Report and Recommendation, Dkt. Entry 367, at 6-7.) A clerk of court, however, is not in a position to make this determination. DTV cannot circumvent a court's resolution of this difficult issue by electing to recover the minimum statutory damages under the more serious of the violations alleged in the unanswered complaints. Indeed, even if an award of statutory damages is mandatory, the <u>amount</u> of those damages remains committed to the court's discretion. In this regard, Congress has provided that statutory damages for any violation of any provision of § 605 may be as low as $250 if the violator was not aware and had no reason to believe that his or her acts constituted a violation of § 605. 47 U.S.C. § 605(e)(3)(C)(iii). As noted above, a defendant's failure to answer a complaint does not admit averments relating to the amount of damages. See <u>Oliver</u>, <u>supra</u>, 2005 WL 1126786, at *2. Thus, it cannot be said that a defendant's failure to respond to a DTV complaint is tantamount to a concession of liability for the minimum amount of statutory damages available for the most serious of the purported violations.

"Plaintiff cannot satisfy the certainty requirement [of Rule 55(b)(1)] simply by requesting a specific amount." 10A WRIGHT, MILLER & KANE, <u>Federal Practice and Procedure</u> § 2683 (1998). Thus, DTV's election of the minimum amount of statutory damages for a violation of §

605(e)(4) does not entitle it to invoke the Rule 55(b)(1) procedure. Instead, it must appeal to the Court's discretion for entry of default judgment under Rule 55(b)(2).

Reinforcing the conclusion that DTV cannot seek a entry of judgment by the clerk is the fact that it also sought an award of damages pursuant to 18 U.S.C. § 2520(c)(2). As noted above, this section provides that a court "may assess" either actual damages for the unlawful interception of an electronic communication, or "statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000." 18 U.S.C. § 2520(c)(2)(B). A clear majority of the appellate courts that have addressed the issue have concluded that whether to award damages under § 2520(c)(2) is a matter committed to the trial judge's discretion. See DIRECTV, Inc. v. Brown, 371 F.3d 814, 818 (11th Cir. 2004); Dorris v. Absher, 179 F.3d 420, 429 (6th Cir. 1999); Reynolds v. Spears, 93 F.3d 428, 435 (8th Cir. 1996); Nalley v. Nalley, 53 F.3d 649, 652 (4th Cir. 1995); but see Rodgers v. Wood, 910 F.2d 444, 448 (7th Cir. 1990). Significantly, DTV, although originally requesting entry of judgment by the Clerk of Court under § 2520(c)(2), does not object to the Report and Recommendation on the ground that an award of $10,000 under that statutory provision is mandatory.

The point of this discussion is to illustrate that there are significant questions concerning any award to DTV on a defendant's default. When DTV elects statutory damages, it should be prepared to provide information pertinent to the court's exercise of discretion. Such information may include the defaulting party's subscription history, communications with DTV, length of

13

time the defendant possessed the device in question before hearing from DTV, number of devices allegedly owned by the defendant, the defendant's communications with others involved in the pirate access device field, etc. It is inappropriate for DTV to circumvent consideration of these matters by claiming, as it did in this case, that each defaulting defendant is indebted to DTV in the sum of $10,000.

For this reason, it is also inappropriate to determine that judgment should be in the amount of $1,000, as recommended by Magistrate Judge Blewitt. DTV observes that it made no specific election of statutory damages for an alleged violation of 47 U.S.C. § 605(a). Moreover, no determination of any amount of damages to be awarded on a default judgment should be made until DTV has followed the appropriate procedural avenue. As noted above, the amount of damages, if any, is to be set by the court after taking into account the pertinent facts. DTV has not presented the relevant facts by way of affidavit or otherwise. Under these circumstances, it is appropriate to vacate the judgments entered by the Clerk of Court and deny DTV's requests for entry of default judgment pursuant to Rule 55(b)(1), without prejudice to DTV's right to move for default judgment under Rule 55(b)(2).[9]

---

[9]Although DTV is entitled to reasonable attorneys' fees in the event that default judgment is entered in its favor, the fees and expenses incurred in connection with this particular issue will not be awarded to it. DTV had been on notice as early as May of 2003 that this Court considered the Rule 55(b)(1) procedure to be inapplicable to an award of statutory damages. The fees and expenses incurred in litigating this particular issue would have been obviated had DTV simply sought default judgment under Rule 55(b)(2). In this regard, it is
(continued...)

**III.** **CONCLUSION**

For the reasons set forth above, the Report and Recommendation of Magistrate Judge Blewitt (Dkt. Entry 356), will be adopted in part. The judgments previously entered by the Clerk of Court at the instance of DTV will be vacated, and DTV's requests for entry of default judgment by the Clerk of Court will be denied, without prejudice. An appropriate Order follows.

                                                  **s/ Thomas I. Vanaskie**
                                                  Thomas I. Vanaskie, Chief Judge
                                                  Middle District of Pennsylvania

---

[9](...continued)
significant that DTV has moved for default judgment pursuant to Rule 55(b)(2) as to other defendants. (See, e.g., Dkt. Entries 573 and 622.)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DIRECTV, INC.** :
      **Plaintiff** :
    **VS.** :    **3:CV-03-0843**
       :    **(CHIEF JUDGE VANASKIE)**
**JACKIE CHORBA, et al.** :
      **Defendants** :

## O R D E R

**NOW, THIS 18th DAY OF NOVEMBER, 2005, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation of Magistrate Judge Blewitt (Dkt. Entry 356) is **ADOPTED IN PART**.

2. The judgments of default entered by the Clerk of Court against Defendants You (Dkt. Entry 260), Haslam (Dkt. Entry 261), Kocher (Dkt. Entry 262), O'Malley (Dkt. Entry 264), Williams (Dkt. Entry 265), Rouse (Dkt. Entry 267), and Kuchwara (Dkt. Entry 268) are **VACATED**.

3. Plaintiff's Requests for Default Judgment as to Defendants Kocher (Dkt. Entry 242), Haslam (Dkt. Entry 248), O'Malley (Dkt. Entry 249), Williams (Dkt. Entry 250), You (Dkt. Entry 252), Rouse (Dkt. Entry 255), and Kuchwara (Dkt. Entry 258) are **DENIED, WITHOUT PREJUDICE.**

                            **s/ Thomas I. Vanaskie**
                            Thomas I. Vanaskie, Chief Judge
                            Middle District of Pennsylvania